

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KHUSHKARAN SINGH, | Case No.:  26-cv-1081-BJC-DDL |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |
| v. | |
| KRISTI NOEM, et al, | |
| Respondents. | |

On February 19, 2026, Petitioner Khushkaran Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241.  ECF No. 1.  Petitioner is a native and citizen of India. *Id.* ¶ 18.  Petitioner entered the United States on or about July 6, 2019 without inspection at San Luis, Arizona, as an unaccompanied minor child (UAC), 17 years of age. He claimed asylum based upon a fear of return to India due to political persecution. Petitioner was released from custody to a sponsor on September 6, 2019. On February 24, 2023, he filed an I-360 Petition for Special Immigrant Juvenile Status ("SIJS"). His SIJS status was approved on August 15, 2023. He was granted deferred action for a period of four years, which would last until August 15, 2027.  Petitioner has a valid work permit as a result of his deferred action status.

Petitioner was re-detained by Respondents on or about January 27, 2026 by Border

Patrol in Coachella, California.  No pre-deprivation hearing was held prior to his re-detention and he has not been given a bond hearing.  Petitioner has been detained at the Imperial Regional Detention Center since his arrest.

Petitioner requests that the Court order his immediate release from ICE custody and enjoin the government from re-detaining him as long as his deferred action status remains valid. Upon expiration of that status, the government must provide no less than seven days-notice if it chooses to re-detain him, and hold a pre-deprivation hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) at which his eligibility for bond must be considered and where the government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.

The Court set a briefing schedule on February 20, 2026.  ECF No. 2.  Respondents filed a return on February 27, 2026.  ECF No. 4.

## I.   LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II.   DISCUSSION

Petitioner contends his detention violates the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment.  ECF Nos. 1 at 14-15 Respondents do not address Petitioner's due process arguments.  Instead, Respondents acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a).

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his

parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates his due process rights.

## III.   CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  March 11, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge